Thomas R. Shanle, State Bar #41079
Law Offices of Thomas R. Shanle
716 Ocean Street, Suite 100
Santa Cruz, CA 95060
Telephone: (831) 423-3905
Fax: (831) 457-3788
E-mail: tshanle@surfcitylaw.com

Attorney for Creditor
Namvar Dinyari

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA, DIVISION 5

In re

FARBOD DINYARI,

      Debtor.

Case No: 13-51088-SLJ

Chapter 7

R.S.: TRS-1

DATE: July 16, 2013
TIME: 10:00 A.M.
ROOM: 3099

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Moving Party Namvar Dinyari, respectfully represents:

1. Notice is hereby given that on July 16, 2013 at 10:00 a.m., or as soon thereafter as the matter may be heard at the United States Bankruptcy Court, 280 South First St., Room 3099, San Jose, California, Moving Party Namvar Dinyari will move the Court for relief from the automatic stay imposed pursuant to 11 U.S.C. §362(a) upon the filing of Debtor's Voluntary Petition under Chapter 7 of the United States Bankruptcy Code.

2. Moving Party seeks relief from the automatic stay, to the extent it applies, to proceed in the State Court Proceeding entitled <u>Rabobank, N.A. v. Dinyari, Incorporated, et al.</u>, Santa Cruz Superior Court No.CV166078 ("State Court Proceeding") to adjudicate and enforce all remaining

MOTION FOR RELIEF FROM THE AUTOMATIC STAY   1

Superior Court No.CV166078 ("State Court Proceeding") to adjudicate and enforce all remaining foreclosure issues in the State Court Proceeding, including sale of the property at 16362 Hilow Road, Los Gatos, California ("Subject Property") under the assigned Deed of Trust and the Judgment entered pre-petition in that action.

3. Moving Party does not seek relief to enforce the money judgment that was awarded against Debtor pre-petition or to request, obtain or enforce any other order against Debtor for payment of money therein.

4. Farbod Dinyari, the Debtor herein, filed a Voluntary Petition under Chapter 7 of the Bankruptcy Code on February 27, 2013.

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. Sections 157 and 1334 and 11 U.S.C. Section 362.

6. The Debtor and Katayoon Farrokhzadi executed a Deed of Trust encumbering the Subject Property in favor of Rabobank, N.A. as Beneficiary. Rabobank filed a complaint for judicial foreclosure in the State Court Proceeding and on November 15, 2011 a Judgment was entered in the State Court Proceeding allowing judicial foreclosure of the Deed of Trust and sale of the Subject Property. Rabobank has assigned the Deed of Trust and the Judgment to Moving Party.

7. The Foreclosure Judgment also allows a request for deficiency judgment against Debtor, but the automatic stay is in effect to bar pursuit of a deficiency judgment against Debtor without a further order of this Court. The present motion for relief from the automatic stay is not a request for permission to seek or enter a deficiency judgment against Debtor.

8. From a separate Motion for Relief from Automatic Stay filed by Katayoon Farrokhzadi, it appears that the Debtor may have previously transferred, or may in the future transfer, all of his interest in the Subject Property to her. It therefore appears that the Estate has no interest in the Subject Property.

9. Moving Party alleges that these facts constitute cause for the granting of relief from the automatic stay under 11 U.S.C. §362(d)(1).

WHEREFORE, Moving Party prays for relief as follows:

A. Modifying the automatic stay to allow Moving Party to adjudicate and enforce all remaining foreclosure issues in the State Court Proceeding, including sale of the Subject Property under the assigned Deed of Trust and the Judgment entered pre-petition in that action.

B. For such other and further relief as the Court deems proper.

Dated: May 25, 2013

*Thomas R. Shanle*
Thomas R. Shanle, Attorney for Moving Party
Namvar Dinyari

NamvarDinyari-plead/RFS-Notice